CHARLES B. ROBISON, administrator, appellant,

*v.*

DANIEL FURMAN et al., respondents.

1. If an order of the orphans court, directing an administrator to sell lands for the payment of debts, be defective for want of a statement of the sum necessary to be raised, and on that ground an appeal be taken to the prerogative court, the prerogative court should correct the order in that particular, whenever the proceedings removed by the appeal show the facts which will enable the court to do so.

2. The statute of 1885 (*Rev. Sup. p. 781 § 24*), authorizing amendments by the orphans court and ordinary "at all times and in all cases," empowers those tribunals to make amendments in proceedings brought before them by appeal, as well as in proceedings originating before them.

3. When a rule to show cause is, on its return day, continued by the court to a later date in order that it may be served on other parties, the later date becomes its return day.

4. Under the amendment of the Orphans Court act (*P. L. of 1887 p. 198*), requiring a rule to show cause to be published "for six weeks successively once in each week before the return day," it was not necessary that the publication should be made in the six weeks *next preceding* the return day of the rule.

5. If on the return of a rule to show cause in the orphans court, proctors appear on behalf of all the parties interested, and admit due and legal service of the rule, that is sufficient evidence of the proper service of the rule.

6. An order of the orphans court, signed by judges some of whom were not present when it was made, is nevertheless the order of the court and entitled to credit as such.

7. On an application to the orphans court for an order directing an administrator to sell lands for the payment of debts, although the court may not pass upon a question of title as between the decedent and a person claiming against him, yet the court may ascertain of what real estate the decedent died seized, so far as to enable it to indicate in the order what the administrator is ordered to sell.

On appeal from an order of the prerogative court advised by the vice-ordinary, whose opinion is reported in *Furman v. Furman, 18 Stew. Eq. 744.*

*Mr. G. O. Vanderbilt,* for the appellant.

*Mr. W. M. Lanning,* for the respondents.

The opinion of the court was delivered by

DIXON, J.

On August 10th, 1888, the orphans court of Mercer county made an order that the administrator of Ephraim S. Furman, deceased, should sell the lands of the decedent to pay his debts, having found and adjudged that his personal estate was insufficient to pay the same. Upon appeal to the prerogative court by some of his heirs, that order was set aside, because it did not specify the sum which it would be necessary to raise by the sale, nor show on its face that the orphans court had ascertained that sum. The vice-ordinary, adjudging the order to be thus defective, refused to amend it, holding that the act of 1885 (*Rev. Sup. p. 781 § 24*), authorizing amendments by the orphans court and ordinary, entitled the latter to make amendments in those cases only where he exercised an original, as contradistinguished from an appellate, jurisdiction, and conferred no power upon him as the judge of an appellate tribunal. The administrator now appeals to this court.

The necessity that the orphans court should determine the sum to be raised by the sale of lands for the payment of debts, and the propriety of specifying such sum in the order of sale, are clearly indicated by the opinions delivered in *Stiers* v. *Stiers, Spen. 52,* and *Bray* v. *Neill, 6 C. E. Gr. 343.* But we think that the record in the present case shows that the court did in fact determine the sum to be raised. The administrator had exhibited to the court an account, stating that the decedent had left no personal estate, and that he owed to the county of Mercer a debt amounting to $1,023:01, and this account the court adjudged to be true. This adjudication implied that the deficiency in personal assets equaled the amount of the debt, and under the statute this deficiency was the sum to be raised by sale of lands. The only defect, therefore, was, the omission to state in the order the amount of the deficiency thus ascertained.

If the proceedings in other respects warranted an order to sell, this defect should have been remedied on the appeal. The right to such a remedy does not depend on the statute of amendments ; it springs out of the appeal itself. It is the rule and practice in all our appellate tribunals, when the judgment, order or decree appealed from is erroneous, and the record legally discloses what judgment, order or decree should have been rendered, to direct such judgment, order or decree to be entered, according to the . right and justice of the case. The power to do this is essential to the proper exercise of appellate jurisdiction ; for if, with regard to erroneous adjudications, the jurisdiction embraced only the power to decide that they were wrong, without authority to order what would be right, repeated appeals might be necessary, where otherwise one might suffice.

As already indicated, the record before the prerogative court and before us shows the sum necessary to be raised, in the judgment of the orphans court, and the order of sale should have been, and now should be, corrected accordingly.

But if the statute of amendments were the only source of authority in the matter, we do not think it should receive so restricted an interpretation as the vice-ordinary applied. It is almost a verbal transcript of section 138 of the Practice act (*Rev. p. 869*), under which, it has been decided, this court, whose jurisdiction is merely appellate, possesses the power of amendment, not simply with regard to its own proceedings, but with regard to those brought here from inferior tribunals. *Am. Pop. Life Ins. Co.* v. *Day, 10 Vr. 89; Blackford* v. *Plainfield Gaslight Co., 14 Vr. 438.* In like manner, we think, the orphans court and the ordinary may exercise this power, in appellate as well as in original proceedings, or, using the words of the statute, "at all times and in all cases."

We must therefore next consider whether the orphans court ought to have made an order for sale. Its right to do so is ·denied by the respondents on several grounds.

The first is, because the rule to show cause was returnable February 3d, 1888, and was not published, under the act amend-

Robison v. Furman.

ing section 71 of the Orphans Court act, approved April 21st,. 1887 (*P. L. of 1887 p. 198*), until February 25th, 1888.

This arose from the fact that, on the original return of the rule, February 3d, 1888, it was discovered that there were other heirs of the decedent, beside those known to the administrator when he applied for the order of sale, and that some of these heirs were not resident in the state. Thereupon, on February 3d, 1888, the court ordered the rule to be continued until April 13th, 1888, and notice to be given in the manner required by said act of 1887. By this order April 13th became the return day of the rule, and accordingly notice was given by serving, publishing and mailing copies of the rule with a statement at the foot that it was continued until April 13th, 1888. The requirements of the statute were thus substantially complied with.

Secondly, it is contended that the order was not published at the proper dates, because, although published "for six weeks successively once in each week before the return day," April 13th, the weeks of publication were not those next preceding the return day, the last publication being on March 31st. We deem the publication sufficient. The act of 1887 differs in this respect from the Assignment act, the act relative to sales of land, and other acts, which use the words "next preceding" or "next before." Nothing in this law indicates so limited a meaning.

The next objection is, that the rule was not served on the resident heirs "four weeks before the day named in the order for the hearing thereon." This is based on the fact that some of the acknowledgments of service signed by the heirs bear date less than four weeks before April 13th. But the date of the acknowledgment does not necessarily show the date of service, and the admissions were of "due and legal service." Moreover, it appears, by an amendatory order made by the orphans court, June 19th, 1889, under permission of the prerogative court pending the appeal there, that all the heirs were represented in the orphans court at the return of the rule, April 13th, 1888, by proctors who on their behalf then and there admitted due and legal service of the rules to show cause. Although this amendatory order was signed by judges some of whom did not sit in

the court on April 13th, yet it is the order and certificate of the court, not of the judges, and its recital of matters transpiring before the court is evidence of the truth.

The last objection is, that although the petition for sale and the rule to show cause stated that the decedent died seized of two-thirds of one tract of land and one-third of another, yet the order for sale adjudged that he owned but five-eighths of the first tract and one-fourth of the second, and directed only so much to be sold; and it is insisted that, under the decision in *Swackhamer* v. *Kline's Admr.*, *10 C. E. Gr. 503*, the orphans court cannot adjudicate upon the title of the decedent.

But the decision cited only meant that the court, in such proceedings, cannot pass upon a question of title as between the decedent and a person claiming against him. It did not mean that the court may not ascertain the real estate of which the decedent died seized, so far as to enable it to inform purchasers what the administrator is ordered to sell. This power is necessarily implied in the duty cast upon the court by the statute, "to hear and examine the allegations and proofs of the executor or administrator and other persons interested," and in the power to order sale of all or part of the decedent's lands, according to the exigency of the case. Whether the decedent actually owned what the court orders to be sold, is a question which purchasers may afterwards be compelled to settle in other tribunals.

Our conclusion is, that the decree of the prerogative court should be reversed, and that the proceedings of the orphans court should be, in substance, affirmed, but so modified as to embrace in a single order such recitals, adjudications and directions as ought to be contained in an order for sale of the decedent's lands, according to the foregoing opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH, WHITAKER—13.